**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

**ERNESTO AVILA HERNANDEZ**,

    *Petitioner*,

    v.

**PAMELA BONDI, *et al.***,

    *Respondents*.

No. 26-cv-01215

**ORDER**

---

**THIS MATTER** comes before the Court by way of Petitioner's counseled Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1), and the Court's prior February 8, 2026 Order, (ECF No. 3); and

**WHEREAS**, Petitioner is a citizen of Mexico who entered the United States without inspection in 2012. (Pet., ECF No. 1 at ¶ 30). On June 16, 2025, Petitioner was arrested by the Belleville Police Department and subsequently charged with Assault by Auto – reckless serious bodily injury. (Resp. to Pet., ECF No. 3 at 2). on January 20, Petitioner was sentenced to a pre-trial intervention program. (*Id.*). Immigration and Customs Enforcement ("ICE") then arrested Petitioner on January 22, 2026, pursuant to an administrative arrest warrant. (Supp. Resp. to Pet., ECF No. 8 at 1); and

**WHEREAS,** Petitioner filed this Petition on February 6, 2026, alleging that he was unlawfully detained under 8 U.S.C. § 1225(b) and denied a bond hearing. (ECF No. 1 at ¶¶ 39–40); and

**WHEREAS,** on February 8, 2026, this Court ordered Respondents to file an expedited

answer by February 10, at 2:00 p.m., identifying, among other things, the specific statutory or other legal authority for Petitioner's detention; the procedural due process afforded prior to detention; whether a final order of removal exists; any alleged changed circumstances justifying detention; whether Petitioner has received a bond hearing; and the current status of all related immigration proceedings; and

WHEREAS, Respondents filed an answer and letter response on February 10, 2026, explaining that Petitioner was being detained under U.S.C. § 1226(c)(1)(E) because he is inadmissible under 8 U.S.C. § 1182(a)(6)(A) and was convicted of Assault by Auto, which contains the essential elements of a crime that results in death or serious bodily injury to another person. (Resp. to Pet., ECF No. 6 at 2); *see also* § 1226(c)(1)(E) (listing categories of "criminal aliens" subject to mandatory detention, including any alien that "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any … crime that results in death or serious bodily injury to another person"); and

WHEREAS, the Court then held a status conference on February 18, 2026 and ordered additional briefing as to whether the Court has subject matter jurisdiction to review the decision to detain Petitioner under § 1226(c). (ECF No. 12); and

WHEREAS, Section 1226(e) of the Immigration and Nationality Act ("INA") provides that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien," thereby limiting federal court review of detention determinations made under § 1226; and

WHEREAS, federal courts retain jurisdiction to consider constitutional challenges to the statutory framework governing detention, *Jennings v. Rodriguez*, 583 U.S. 281, 295–96 (2018),

but the INA precludes review of the executive branch's discretionary determination that a particular noncitizen is subject to mandatory detention under § 1226(c), *Deonarine v. Oddo*, No. 25-81, 2025 WL 1919726, at *2 (W.D. Pa. July 11, 2025); *Grigoryan v. Jamison*, No. 25-1389, 2025 WL 1257693, at *2 (E.D. Pa. Apr. 30, 2025); and

**WHEREAS,** a noncitizen who contends that he has been improperly placed in mandatory detention under § 1226(c) must raise that argument in the first instance before an immigration judge through a *Joseph* hearing, which permits the detainee to present any nonfrivolous argument that he was improperly included within a mandatory detention category. *Matter of Joseph*, 22 I. & N. Dec. 799  (B.I.A. 1999); *Demore v. Kim*, 538 U.S. 510, 517 n.3; and

**WHEREAS,** Petitioner primarily argues that the Government has not established the statutory predicate for mandatory detention under § 1226(c)(1)(E), contending that the Government has failed to demonstrate that the underlying offense categorically qualifies as a "crime that results in death or serious bodily injury," and further asserting that the predicate arrest was resolved through pre-trial intervention rather than a conviction. (ECF No. 13 at 10–16; *see also* ECF No. 11); and

**WHEREAS,** because Petitioner states that he intends to request a *Joseph* hearing and because these arguments ultimately challenge the Government's determination that Petitioner falls within the category of noncitizens subject to mandatory detention under § 1226(c), the Court finds that it lacks subject matter jurisdiction to review Petitioner's detention at this stage; and

**WHEREAS,** to the extent that Petitioner raises other constitutional challenges to his detention, over which this Court does have jurisdiction, the Court finds that these challenges are premature and not yet sufficiently developed to warrant review. Specifically, the Third Circuit has made clear that such review generally arises where detention has become prolonged and

3

unreasonable, thereby implicating due process concerns. *See German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210–11 (3d Cir. 2020); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231–35 (3d Cir. 2011). In those circumstances, courts may assess whether continued detention without an adequate bond hearing comports with due process. *Id.* Here, however, Petitioner has been detained for less than two months, which falls well short of the period that courts in this Circuit have generally considered sufficiently prolonged to trigger such review. Accordingly, Petitioner's reliance on cases addressing prolonged § 1226 detention is misplaced at this stage; therefore

IT IS HEREBY on this 9th day of March, 2026,

ORDERED that Petitioner's § 2241 Petition is DENIED WITHOUT PREJUDICE; and it is further

ORDERED that this Court shall retain jurisdiction over the matter and Petitioner may move to reopen these proceedings before this Court without the need to file a new habeas petition should circumstances warrant, including if the anticipated *Joseph* hearing is unreasonably delayed or if Petitioner later challenges the legality of his continued detention following that hearing; and it is further

**ORDERED** that because the Petitioner is currently detained by ICE in the State of New Jersey and because this Court retains jurisdiction, to preserve the status quo, including Petitioner's continued access to counsel, Petitioner shall remain in the State of New Jersey and shall not be transferred outside the State of New Jersey until further order of the Court; and it is finally

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**CHRISTINE P. O'HEARN**
**United States District Judge**